UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GRACE PETERSON-HAGENDORF,

                              Plaintiff,

    -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT (NYPD), NYPD POLICE
OFFICER TROY BURCHARD, Shield No.: 26560,
JOHN DOE NYPD OFFICERS #1-5, NEW YORK CITY
DEPARTMENT OF EDUCATION, NEW YORK CITY
BOARD OF EDUCATION, TEACHER JENNIFER
O'BRIEN, ASSISTANT PRINCIPAL JENNIFER MEYER
FOR THOMAS JEFFERSON ELEMENTARY SCHOOL,
and ROGER ROE DEPARTMENT OF EDUCATION (DOE)
EMPLOYEES #1-5,

                              Defendants.
------------------------------------------------------------------------X

<u>COMPLAINT</u>

<u>JURY TRIAL DEMANDED</u>

        The Plaintiff, complaining of the Defendants, by her attorney, AMY MARION, ESQ., respectfully shows to this Court and alleges that she suffered abuse and sustained injury at the hands of the above Defendants.

**JURISDICTION AND VENUE**

    1.    Jurisdiction is founded upon the existence of a Federal Question.

    2.    This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983 and arising under the laws and statutes of the State of New York.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(3), and 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to Plaintiff by the

1

Fourth and Fourteenth Amendments to the Constitution of the United States.

4. That venue is proper pursuant to 28 U.S.C. §1391(b)(1&2).

5. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS

6. That an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## JURY DEMAND

7. Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff requests a jury trial on all issues and claims set forth in the Complaint.

## PARTIES

8. Plaintiff, Grace Peterson-Hagendorf is a resident of Queens County in the State of New York.

9. At all times hereinafter mentioned, the Defendant City of New York (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Upon information and belief, that at all times relevant and all times mentioned herein, the Defendant City of New York, its agents, servants and employees operated, maintained and controlled THE NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers, at all times relevant the Defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

11. Upon information and belief, that at all times relevant and all times mentioned herein, Defendants NYPD POLICE OFFICER TROY BURCHARD and JOHN DOE NYPD OFFICERS #1-5, were employed by the Defendant, CITY OF NEW YORK, as police officers in

New York City, New York.

12. NEW YORK CITY is a municipality, duly formed and operating under and by virtue of the laws and Constitution of the State of New York and is responsible for the policies, practices and customs of the NYPD including the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees.

13. Upon information and belief, that at all times relevant and all times mentioned herein, the Defendant City of New York, its agents, servants and employees operated, maintained and controlled THE NEW YORK DEPARTMENT OF EDUCATION (DOE), including all the PRINCIPALS, ASSISTANT PRINCIPAL and TEACHERS, at all times relevant the Defendants Assistant Principal Jennifer Meyer and Teacher Jennifer O'Brien were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

14. Upon information and belief, that at all times relevant and all times mentioned herein, Defendants Assistant Principal Jennifer Meyer, Teacher Jennifer O'Brien, and Roger Roe DOE Employees #1-5 were employed by the Defendant, CITY OF NEW YORK, as an Assistant Principal and teacher in New York City, New York.

15. NEW YORK CITY is a municipality, duly formed and operating under and by virtue of the laws and Constitution of the State of New York and is responsible for the policies, practices and customs of the DOE including the hiring, screening, training, supervising, controlling and disciplining of its Principals, Assistant Principals and teachers.

16. NEW YORK CITY BOARD OF EDUCATION (THE BOARD) is duly formed and operating under and by virtue of the laws and charters of the City of New York and is responsible for the policies, practices and customs of the DOE including the hiring, screening,

training, supervising, controlling and disciplining of its Principals, Assistant Principals and teachers.

17. This action arises under the Constitution of the United States, particularly under the provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

18. Each and all of the acts of the NYPD Defendants alleged herein were performed by the NYPD Defendants, their agents, servants and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York, and under the authority of their office as employees/police officers of the NYPD of said state and city.

19. Each and all of the acts of the DOE Defendants alleged herein were performed by the DOE Defendants, their agents, servants and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York, the Board, and under the authority of their office as employees/Principals/Assistant Principals/teachers of the DOE of said state, city, and Board.

## STATEMENT OF FACTS

20. On or about March 7, 2012, Plaintiff, Grace Peterson-Hagendorf was working as a substitute teacher at 153-33 Sanford Avenue in Queens County, New York.

21. Ms. Peterson-Hagendorf was teaching a classroom of first grade students for whom English is not their first language.

22. Ms. Peterson-Hagendorf was describing to the children how they should sit and face each other in order to best proceed with the lesson.

23. The students did not understand Ms. Peterson-Hagendorf.

24. Ms. Peterson-Hagendorf proceeded to show the students how they were to position themselves.

25. Ms. Peterson-Hagendorf gently placed her hand upon the arm of one of the students and showed her and, by example, the class how to position themselves.

26. As a result of this action, Ms. Peterson-Hagendorf was arrested for Assault in the Second Degree, a D felony which carries a maximum term of imprisonment of up to 7 years.

27. Ms. Peterson-Hagendorf, who was 52 years old at the time and had never before been arrested, was immediately arrested, without any investigation, was incarcerated for 28 hours, and was forced to return to court facing a serious felony charge, misdemeanor charges and fearing that she was facing a term of imprisonment.

28. When Ms. Peterson-Hagendorf's defense counsel spoke with the Assistant District Attorney handling the case, the Assistant District Attorney stated that nothing criminal happened here and that the child had a medically documented skin condition which caused redness on her skin.

29. The first time the case was on in court the felony charge was reduced to a misdemeanor charge and the case was sent to a Criminal Court Part.

30. The first time the case was on in the Criminal Court Part, the People offered a disposition of an Adjournment in Contemplation of Dismissal (ACD). Plaintiff could not bear the extreme emotional stress of being in Criminal Court, this caused her to immediately accept the first disposition offered by the District Attorney and not to pursue an outright dismissal, which would have taken further adjournments, further appearances in Criminal Court, continued humiliation, anxiety, fright, and depression.

## DAMAGES

31.  The unlawful, intentional, willful, deliberately indifferent, reckless, and/or bad-faith acts and omissions of the Defendants caused Plaintiff to be wrongly seized, falsely arrested and subjected to abuse of process.

32.  The unlawful, intentional, willful, deliberately indifferent, reckless, negligent, and/or bad-faith acts and omissions of the Defendants caused Plaintiff the following injuries and damages, which were foreseeable to the Defendants at the time of their acts and omissions, and which continue to date into the future: mental anguish, emotional distress, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation for which she is entitled to monetary relief.

33.  Plaintiff was not permitted to work at or to return to or go near a New York City Department of Education school and Plaintiff is still not permitted to return to work at the Jefferson Elementary School where she had worked for virtually her entire career.

34.  When Plaintiff sought employment at a private school, not associated with the Department of Education, she was immediately recognized by a student, whose mother reported her presence and her arrest to the administration. Ms. Peterson-Hagendorf was told to immediately leave the school premises.

35.  On January 3, 2013, ten months after her arrest and after an investigation by the Department of Education, Plaintiff's teaching privileges were returned to her by the Department of Education with an apology from the DOE's investigator.

36.  All the acts and omissions committed by the Defendants described herein for which liability is claimed were done intentionally, unlawfully, maliciously, wantonly, recklessly, negligently and/or with bad faith, and said acts meet all of the standards for imposition of

punitive damages.

## COUNT I

### FALSE ARREST AND UNLAWFUL SEARCH AND SEIZURE PURSUANT TO 42 U.S.C. § 1983 IN VIOLATION OF THE FOURTH AMENDMENT

37. Ms. Peterson-Hagendorf hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows.

38. That the Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, in that Plaintiff was illegally seized.

39. That the said acts were caused by the Defendants and John Doe and Roger Roe Defendants without any legal justification.

40. That the Defendants Teacher Jennifer O'Brien and Assistant Principal Jennifer Meyer caused and importuned NYPD defendants to confine Ms. Peterson-Hagendorf, that Ms. Peterson-Hagendorf was conscious of the confinement, Ms. Peterson-Hagendorf did not consent to the confinement and the confinement was not otherwise privileged.

41. That the Defendant Troy Burchard confined Ms. Peterson-Hagendorf, that Defendant Troy Burchard intended to confine Ms. Peterson-Hagendorf, that Ms. Peterson-Hagendorf was conscious of the confinement, Ms. Peterson-Hagendorf did not consent to the confinement and the confinement was not otherwise privileged.

42. That the DOE defendants called the NYPD defendants to its school, and directed the NYPD defendants to make an arrest by falsely claiming that Plaintiff was responsible for assaulting a student, when DOE defendants had absolutely no basis or information to believe that this was true or that this in fact had occurred.

43. That by making these false claims the DOE defendants instigated the arrest of Plaintiff.

7

44. That the NYPD defendants failed to conduct an investigation and failed to make a determination of reasonable or probable cause, but instead, based solely upon the convincing and importuning of the DOE defendants, caused Plaintiff to be confined.

45. That the DOE and NYPD defendants reached an understanding to confine Plaintiff; based upon the hype and hysteria surrounding allegations of misconduct against DOE teachers, both DOE and NYPD defendants agreed to arrest first and ask questions later, causing Plaintiff to be an innocent victim of the hysteria regarding teacher misconduct.

46. The student was a six year old child, unable to be sworn and whose second language was English.

47. That the Teacher Jennifer O'Brien and the Assistant Principal Jennifer Meyer caused NYPD to be called to the school based upon the fact that the student was crying and holding her neck and that Plaintiff was the only adult in the classroom. This information is obtained from the sworn criminal court complaint.

48. That NYPD defendants came to the school and based upon the insistence of Assistant Principal Meyer and/or Teacher O'Brien that the Plaintiff was the only adult in the classroom, was responsible for committing a crime against the student, and must be arrested, the Plaintiff was arrested immediately at the school.

49. Neither NYPD nor DOE defendants consulted with the school nurse nor with the child's parent, if they would have, they would have ascertained what the Assistant District Attorney and what the DOE's own investigator ascertained from consultation with the parent, namely that the child suffered from a skin disorder that caused such redness to her neck and that the Plaintiff did not assault the child at all.

50. Instead both the DOE and NYPD defendants jointly participated in, and agreed

to have Plaintiff arrested without any reasonable or probable cause to believe that Plaintiff had engaged in any criminal conduct, but solely based upon a red mark on the child's neck which was later determined to be a skin condition from which the child suffered.

51. Both the DOE and NYPD defendants shared this common unlawful goal of arresting Plaintiff first and then asking questions and conducting an investigation later; and/or, both DOE and NYPD defendants were scared and intimidated by the hysteria of teacher misconduct in the New York City public school system, that neither set of defendants wanted to be deemed responsible for not acting, so that both sets of defendants shared the common unlawful goal of arresting Plaintiff to cover themselves from any blame from their respective supervisors, even though there was a complete lack of probable cause.

52. That the DOE defendants are deemed to be state actors and are acting under the authority of law as state actors when instigated the NYPD defendants to arrest Plaintiff.

53. That the said seizure and unlawful detention was caused by the Defendants acting together as joint participants in this common goal and without authority of the law and without any legal basis or probable cause to believe that Ms. Peterson-Hagendorf was in fact guilty of crimes.

54. That by reason of the unlawful seizure, Ms. Peterson-Hagendorf incurred mental anguish, emotional distress, physical pain and injury, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation and she was otherwise injured.

55. That by reason of the aforesaid, the Plaintiff has been damaged in an amount to be determined by a jury and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## COUNT II

### SUPERVISOR LIABILITY PURSUANT TO 42 U.S.C. § 1983
### IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

57. That the Plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the John Doe Defendants who were supervisors of the officers and Roger Roe Defendants who were supervisors of the teacher and Assistant Principal who violated and abused Plaintiff's rights.

58. That these Defendants, who were supervisors had actual and constructive knowledge of the illegal seizure, false arrest, and abuse of process which was being committed by their subordinates against the Plaintiff.

59. That the Defendant supervisors did cause the Plaintiff's harms by failing to remedy the patterns of false arrest and abuse of process and other constitutional violations the Defendants committed after learning of them, and by creating a policy and custom under which unconstitutional practices occurred and were tolerated and, their gross negligence in managing their subordinates.

60. That by reason of the unlawful seizure and detention, Plaintiff incurred mental anguish, emotional distress, physical pain and injury, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation and she was otherwise injured.

61. That by reason of the aforesaid, the Plaintiff has been damaged in an amount to be determined by a jury and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## COUNT III

## 42 U.S.C. § 1983 – MONELL CLAIM

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

63. That the Plaintiff's rights have been violated under the Fourth and Fourteenth Amendments to the United States Constitution by the Defendant City of New York (NYC).

64. John Doe and Roger Roe Defendants who were supervisors and final decision makers as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to Plaintiff's Constitutional rights under the constitution and the laws of the United States, in that they failed to adequately discipline, train, supervise or otherwise direct police officers concerning the rights of citizens, thereby causing the Defendant officers in this case to engage in the above-mentioned conduct.

65. John Doe and Roger Roe Defendants, who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers, Assistant principals, and teachers, including the Defendants in this case for violations of the constitutional rights of citizens, thereby causing Defendants in this case, to engage in unlawful conduct which did cause the Plaintiff to be subjected to deprivations of her civil rights.

66. John Doe Defendants for NYPD and Roger Roe Defendants for DOE, who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, sanction and/or discipline NYPD and DOE employees, including the Defendants in this case, who engage in unlawful conduct.

67. John Doe and Roger Roe Defendants, who were supervisors and final decision

makers as a matter of policy and practice, have failed to train the Defendants to properly investigate complaints made by minor children.

68. That John Doe and Roger Roe Defendants, who were supervisors and final decision makers as a matter of policy and practice, have failed to train the Defendants in the proper criteria to properly conduct an investigation.

69. That by reason of the unlawful seizure and detention, the Plaintiff incurred mental anguish, emotional distress, physical pain, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation and she was otherwise injured.

70. That by reason of the aforesaid, the Plaintiff has been damaged in an amount to be determined by a jury and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## COUNT IV

### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. §1983

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

72. The Defendant Troy Burchard and/or John Doe Defendants issued legal process to place Plaintiff under arrest.

73. That the policy and custom among Defendants dealing with school incidents was at the time of Plaintiff's arrest to make an immediate arrest regardless of whether reasonable or probable cause existed for the arrest.

74. That there was absolutely no reasonable or probable cause for Plaintiff's arrest, Plaintiff committed no crime, Plaintiff did not engage in any criminal activity, nor was there any legitimate basis to believe that Plaintiff had engaged in any criminal conduct.

75. Defendants aimed to achieve a collateral purpose beyond criminal prosecution, such purpose being the furtherance of the unconstitutional policy and/or custom of making an immediate arrest of a teacher upon a student complaint regardless of whether reasonable or probable cause existed for the arrest.

76. Probable cause for Plaintiff's arrest was lacking, and thus malice or any improper or wrongful motive may be inferred from the lack of probable cause. Defendant might have acted in the honest and reasonable belief that Plaintiff was guilty of some crime, but his good faith does not exonerate him as the facts themselves and as presented to him did not constitute any criminal conduct.

77. That the Defendants acts intended to cause harm to the Plaintiff and did cause harm to Plaintiff without excuse or justification.

78. That Defendants' aforementioned actions were conscience shocking and placed Plaintiff in apprehension of emotional injuries.

79. That by reason of the abuse of process, the Plaintiff incurred mental anguish, emotional distress, physical pain, loss of professional opportunity, loss of income, legal expenses, loss of reputation, humiliation, indignities, embarrassment, and degradation and she was otherwise injured.

80. That by reason of the aforesaid, the Plaintiff has been damaged in an amount to be determined by a jury and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## COUNT V

**NEW YORK STATE TORT LAW – DEFENDANT NYPD NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION**

81. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

82. That the defendants were negligent, careless, reckless and deliberately indifferent in hiring, retaining, properly training and supervising, as and for its employees, named defendants herein, in that the defendants knew or should have known that the individually named employees lacked the skill, ability and training to make determinations as to probable cause which result in the deprivation of an individual's liberty.

83. The defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the maturity, mental capacity and the ability to function as employees of the aforementioned defendants; failing to investigate the above-named defendants' background and in that they hired and retained as employees of the store individuals who were wholly unqualified in that the named defendants lacked the maturity, sensibility and intelligence to be employed when hired to be employees.

84. The defendants failed to establish proper guidelines and procedures for screening and investigating police officers.

85. That the defendants failed to train its employees in the proper criteria for establishing probable cause to arrest; the proper criteria for establishing reasonable suspicion to believe that a certain individual committed a criminal act, the proper criteria for conducting a criminal investigation; and in that the defendants, their agents, servants and employees were otherwise reckless, careless, deliberately indifferent and negligent.

86. The aforesaid occurrence and resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence recklessness and carelessness of the defendants, their agents, servants and employees without any negligence on the part of the Plaintiffs.

87. The aforesaid injuries were the result of the negligence, recklessness and

carelessness of the defendants.

88. The aforesaid injuries did not result from any negligence or fault on the part of the Plaintiff herein.

89. The limitations on liability set forth in CPLR § 1601 do not apply by reason of one or more of the exemptions set forth in CPLR § 1602.

90. By reason of the foregoing, Plaintiff has been damaged as set forth above.

## COUNT VI

**NEW YORK STATE TORT LAW – DEFENDANT DEPARTMENT OF EDUCATION NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION**

91. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

92. That the defendants were negligent, careless, reckless and deliberately indifferent in hiring, retaining, properly training and supervising, as and for its employees, named defendants herein, in that the defendants knew or should have known that the individually named employees lacked the skill, ability and training to act appropriately in investigation misconduct and allegations of misconduct.

93. The defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the maturity, mental capacity and the ability to function as employees of the aforementioned defendants; failing to investigate the above-named defendants' background and in that they hired and retained as employees of the store individuals who were wholly unqualified in that the named defendants lacked the maturity, sensibility and intelligence to be employed when hired to be employees.

94. The defendants failed to establish proper guidelines and procedures for screening and investigating teachers, assistant principals and principals.

95. That the defendants failed to train its employees in the proper criteria for establishing probable cause to arrest; the proper criteria for establishing reasonable suspicion to believe that a certain individual committed a criminal act, the proper criteria for conducting a criminal investigation; and in that the defendants, their agents, servants and employees were otherwise reckless, careless, deliberately indifferent and negligent.

96. The aforesaid occurrence and resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence recklessness and carelessness of the defendants, their agents, servants and employees without any negligence on the part of the Plaintiffs.

97. The aforesaid injuries were the result of the negligence, recklessness and carelessness of the defendants.

98. The aforesaid injuries did not result from any negligence or fault on the part of the Plaintiff herein.

99. The limitations on liability set forth in CPLR § 1601 do not apply by reason of one or more of the exemptions set forth in CPLR § 1602.

100. By reason of the foregoing, Plaintiff has been damaged as set forth above.

### COUNT VII

#### STATE TORT FALSE IMPRISONMENT/FALSE ARREST DEPARTMENT OF EDUCATION DEFENDANTS

101. Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows.

102. That the Plaintiff's right to be free from unreasonable search and seizure has been violated pursuant to Article I Section 12 of the New York New York State Constitution in that the DOE defendants instigated and caused the arrest of the Plaintiff.

103. DOE Defendants summoned the police to the school advised, encouraged and importuned the police to arrest plaintiff.

104. There was no information sufficient to support a reasonable belief that an offense had been committed.

105. That the said false arrest was instigated and caused by the defendants, their agents, servants and employees, without any legal justification to wit, without probable cause and by providing knowingly false information which resulted in the Plaintiff's confinement based upon the DOE Defendants' insistence that the Plaintiff had assaulted a student.

106. That the Plaintiff was conscious of the confinement, Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

107. That by reason of the unlawful seizure and false arrest, Plaintiff has been damaged as set forth above.

## COUNT VIII

### STATE TORT FALSE IMPRISONMENT/FALSE ARREST NYPD DEFENDANTS

108. Plaintiff hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows.

109. That the Plaintiff's right to be free from unreasonable search and seizure has been violated pursuant to Article I Section 12 of the New York New York State Constitution in that the NYPD caused the arrest of the Plaintiff.

110. There was no information sufficient to support a reasonable belief that an offense had been committed.

111. That the said false arrest was caused by the defendants, their agents, servants and employees, without any legal justification to wit, without probable cause which resulted in the

Plaintiff's confinement.

112. That the Plaintiff was conscious of the confinement, Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

113. That by reason of the unlawful seizure and false arrest, Plaintiff has been damaged as set forth above.

**WHEREFORE**, Plaintiff prays as follows:

A. That the Court award compensatory damages to him and against the Defendants jointly and severally, in an amount to be determined at trial;

B. That the Court award punitive damages to Plaintiffs, and against all non-municipal Defendants, in an amount, to be determined at trial, that will deter such conduct by Defendants in the future;

C. For a trial by jury;

D. For a pre-judgment and post-judgment interest and recovery of his costs, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims; and

E. For any and all other relief to which he may be entitled.

Dated: March 5, 2013
      Garden City, New York

BARKET MARION EPSTEIN & KEARON

By: _____
Amy B. Marion, Esq.
666 Old County Road-Suite 700
Garden City, N.Y. 11530
(516) 745-1500